```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
GEORGE GARMON, As Proposed
Administrator of the Estate of
ANTONIO D. GARMON, ANTONIO D.
GARMON and GEORGE GARMON,
Individually,

                  Plaintiffs,
                                          10 Civ. 7724 (ALC)(GWG)

         - against -                      OPINION & ORDER


COUNTY OF ROCKLAND, TOWN OF
HAVERSTRAW, HAVERSTRAW TOWN
POLICE DEPARTMENT, JAMES HANSEN,
IAN KAYE, M. ROSA, SGT. I. KAYE,
and JOHN DOE #1-8 (the name John
Doe being fictitious, as the
true names are presently unknown),

                  Defendants.
------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-11-13

ANDREW L. CARTER, JR., United States District Judge:

I.  Procedural Background

Plaintiff George Garmon ("Plaintiff") filed a Complaint against Defendants County of Rockland, Town of Haverstraw, Haverstraw Town Police Department, James Hansen, Ian Kaye, M. Rosa, Sgt. I. Kaye, and John Doe #1-8, claiming his son died of a drug overdose while in police custody. Plaintiff, on his son's behalf, is pursuing various federal and state law claims. By Stipulation and Order of January 31, 2011, Defendant County of Rockland was dismissed from this action.

1

On June 18, 2012, Defendants filed a Motion to Dismiss for lack of standing. Plaintiff filed an affirmation in opposition on August 16, 2012, and Defendants filed a reply on August 25, 2012. Since Plaintiff is not the administrator of his son's estate, he lacks standing to sue on his son's behalf. The Complaint is DISMISSED for lack of standing.

## II. Factual Background

Plaintiff George Garmon is the father of Antonio D. Garmon ("decedent"). On June 20, 2009, Antonio Garmon was arrested in Haverstraw, New York and charged with criminal possession of a controlled substance. After his arrest, the decedent allegedly complained of pain and discomfort, which was ignored. He died of a drug overdose while in police custody. Plaintiff claims the decedent was subject to an illegal search and seizure and was arrested without probable cause. Further, Defendants did not provide for the administration of proper and adequate medical care to the decedent, ultimately resulting in his death.

Antonio Garmon died intestate, leaving his children and Plaintiff as potential heirs. On or around May 11, 2012, Valencia Smith, the decedent's daughter, received Letters of Administration for the Estate of Antonio Garmon from the Rockland County Surrogate's Court. Subsequently, Ms. Smith executed a document in Little Rock, Arkansas, granting Plaintiff Power of Attorney from August 8, 2012 to January 1, 2013.

Defendants filed the instant motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, seeking dismissal of the Complaint on the grounds that Plaintiff lacks standing to litigate the claims contained therein.

### III. Standard of Review

"[I]t is the burden of the party who seeks the exercise of jurisdiction in his favor, clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." Bd. of Educ. of Mt. Sinai Union Free Sch. Dist. v. N.Y. State Teachers Ret. Sys., 60 F.3d 106, 109 (2d Cir. 1995) (quoting FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990)). The Court must accept as true all well-pled facts alleged in the Complaint and must draw all reasonable inferences in Plaintiffs' favor. Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000) "But, when the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). Rather, Plaintiffs must prove subject matter jurisdiction exists by a preponderance of the evidence. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

3

## IV. Discussion

Plaintiff alleges several causes of action in the Complaint individually and on behalf of the decedent. In particular, Plaintiff asserts violations of the Fourth, Fifth, and Fourteenth Amendments and various state law claims for the decedent. Individually, Plaintiff claims loss of companionship.

### A. Plaintiff's Standing to Bring Claims on Behalf of Decedent

Defendants contend Plaintiff does not have the capacity to sue on behalf of the decedent. Specifically, New York law gives the power to bring claims for a decedent to the administrator of the estate. Since Plaintiff was not named as the administrator, he is attempting to assert legal rights that should properly be asserted by Ms. Smith, the administratrix of Antonio Garmon's estate. Therefore, Plaintiff lacks standing and the Court should dismiss the Complaint for want of subject matter jurisdiction.

"Standing is a proper ground upon which to challenge a court's subject matter jurisdiction: 'If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim.'" Clarex Ltd. v. Natixis Sec. Am. LLC, No. 12 Civ. 0722 (PAE), 2012 WL 4849146, at *3 (S.D.N.Y. Oct. 12, 2012) (quoting Mahon v. Ticor Title Ins. Co., 683 F.3d 59, 62 (2d Cir. 2012)). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the

4

dispute or of particular issues." Allen v. Wright, 468 U.S. 737, 750-751 (1984) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)).  Since the absence thereof is considered a jurisdictional defect, "standing is to be determined as of the commencement of suit." Lujan v. Defenders of Wildlife, 504 U.S. 555, 571 n.5 (1992).  Accordingly, "courts cannot consider any amendments to the initial complaint or any post-filing assignments to plaintiffs to determine whether plaintiffs have standing." Clarex, 2012 WL 4849146, at *3 (citing Fenstermaker v. Obama, 354 Fed. Appx. 452, 455 n.1 (2d Cir. 2009)).

An analysis of standing may involve the constitutional requirement, which mandates a "case or controversy" exist for the exercise of federal jurisdiction in accordance with Article III of the Constitution, or the prudential considerations, which serve as "judicially self-imposed limits on the exercise of federal jurisdiction." Allen, 468 U.S. at 751.  Prudential considerations include barring a litigant who is attempting to assert another person's legal rights. Id.  Like the constitutional requirement, prudential considerations are generally jurisdictional perquisites to suit. Lerner v. Fleet Bank, N.A., 318 F.3d 113, 126-27 (2d Cir. 2003) (citing Thompson v. County of Franklin, 15 F.3d 245, 248 (2d Cir. 1994)).

### i. Determining the Proper Party In Interest

The Federal Rules of Civil Procedure require that "actions must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Rule 17(a)(1)(B) allows an administrator to sue in his or her own name "without joining the person for whose benefit the action is brought[.]" Since Plaintiff is not the administrator of the decedent's estate, capacity to sue is determined by New York law in accordance with Rule 17(b)(3).

### ii. Administrator's Ability to Bring Claims for the Estate

"Only a duly appointed personal representative may bring suit on behalf of a decedent" in New York. Palladino v. Metro. Life Ins. Co., 590 N.Y.S.2d 601, 602 (App. Div. 3d Dep't 1992); N.Y. EPTL § 11-3.1 (2012). "A personal representative is a person who has received letters to administer the estate of a decedent." § 1-2.13. "Inasmuch as letters of administration have not been issued to plaintiff, he has no standing to sue." Palladino, 590 N.Y.S.2d at 602; see also Brandon v. Columbian Mut. Life Ins. Co., 694 N.Y.S.2d 134, 134 (App. Div. 2d Dep't 1999) ("The plaintiff lacks standing to sue on behalf of the decedent's estate since she has not received letters of administration."); Barrett v. United States, 689 F.2d 324, 331 (2d Cir. 1982) (finding under New York law, the administratrix has standing to assert civil rights claim for the

6

decedent's personal injuries).

The power of attorney executed by Ms. Smith has no effect on Plaintiff's inability to litigate the decedent's claims. Ms. Smith cannot delegate her responsibilities of administering the estate to Plaintiff. See In re Will of Jones, 1 Misc. 3d 688, 689 (Sur. Ct. Broome County 2003) ("[A] fiduciary cannot delegate the responsibility for the entire administration of the estate . . . ."); In re Sadlo, No. 2009-97727/A, 2009 WL 3066665, at *2 (Sur. Ct. Dutchess County Sept. 25, 2009) (describing an executor's actions as "patent[ly] impermissi[ble]" where the executor signed a power of attorney allowing a third-party to act in his place as the estate representative).

In Friedman v. Clearview Gardens, Plaintiff attempted to bring suit on behalf of his decedent-mother's estate, even though the letters of administration were issued to Plaintiff's brother. Friedman v. Clearview Gardens Second Corp., No. 23317/10, 2011 WL 489545, at *1-2 (Sup. Ct. Feb. 3, 2011). Plaintiff submitted a document to the court indicating his brother had given him power of attorney to bring suit. Id. at *2. First, the court noted, "only a duly appointed personal representative may bring suit on behalf of a decedent's estate." Id. Regarding the power of attorney relied on by Plaintiff, the court held,

7

> Even assuming that this delegation of authority encompasses the power to commence an action[,] . . . an executor is not authorized to give a power of attorney granting powers to act on the executor's behalf as personal representative of the estate of decedent. . . . The proffered power of attorney is, therefore, ineffective to provide plaintiff with the authority to prosecute the cause of action . . . in place of the executor.

Id. The current facts align closely with Friedman, and there is no reason to depart from the same outcome in this case. Since Plaintiff was not named the administrator of the estate, he does not have standing to bring claims belonging to the decedent.

### iii. Prudential Considerations Undermine Plaintiff's Standing

The prudential considerations that are part of the standing inquiry further undermine Plaintiff's position that he is a proper party in this action. The central question "'is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief.'") Leibovitz v. N.Y. City Transit Auth., 252 F.3d 179, 185 (2d Cir. 2001) (quoting Warth v. Seldin, 422 U.S. at 500-01).

The decedent's claims, assuming the allegations are true, may be cognizable under § 1983. On the other hand, the right to bring claims on behalf of the decedent does not originate with § 1983 but rather, arises from state law allowing the estate to pursue claims available to the decedent notwithstanding his death. See § 11-3.1 "(Any action, other than an action for

8

injury to person or property, may be maintained by and against a personal representative in all cases and in such manner as such action might have been maintained by or against his decedent."). It is also state law that forecloses Plaintiff's ability to seek relief here. New York courts have unequivocally found the administrator of the estate is authorized to pursue judicial intervention on behalf of the decedent. See cases cited supra Part III.A.ii. As such, it is clear state law does not give Plaintiff the right to bring the decedent's claims against Defendants. Prudential considerations further counsel the Court to decline jurisdiction by reaching the conclusion that Plaintiff lacks standing in this case.

### B. Plaintiff's Individual Claim

The remaining claim for loss of companionship, society, services, or support is brought by Plaintiff individually. Nevertheless, loss of companionship is a derivative claim that is not cognizable under § 1983. Nealy v. U.S. Surgical Corp., 587 F. Supp. 2d 579, 585 (S.D.N.Y. 2008) ("Under New York law, a claim for loss of companionship, society, services, or support is derivative of the related primary causes of action; dismissal of the primary claims requires the Court to dismiss any dependent derivative claims.") (collecting cases). There is no independent basis to exercise jurisdiction over Plaintiff's loss of companionship claim, and therefore, it is dismissed.

## V.  Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss the Complaint for lack of jurisdiction is **GRANTED**. The Complaint is **DISMISSED** in its entirety. The Clerk of Court is respectfully directed to close this case and to enter judgment in accordance with this Order.

**SO ORDERED.**

Dated: New York, New York
February //, 2013

                                                    _____
                                                    Andrew L. Carter, Jr.
                                                    United States District Judge